## SYLLABI OF CASES DECIDED LAST WEEK

### No. 243

No. 18094—Catherine Bartley v. The National Business Men's Association. Error to the Court of Appeals of Cuyahoga county.

**647. INSURANCE—Accident—Denial by association of liability on policy may amount to waiver of proof of claim—Limitation of period for maintaining action.**

Published Only in Ohio Law Abstract

DAY, J.

Where a certificate of membership in an accident association provides that "proof of claim shall be furnished within ninety days from the date of death, etc." and also provides that "no action shall be maintained on this certificate after the expiration of two years from the date when the final proof of claim is filed with the association," an absolute denial of liability by the association under any of the terms of the certificate made to the beneficiary within the ninety day period amounts to a waiver of filing proof of claim, and a right of action accrues upon the date of such waiver; such action cannot however be maintained after the expiration of the period of limitation provided in the certificate or policy, which in the instant case would be at most within two years and ninety days from the date of accident or death. (Appel, Admr., v. Cooper Insurance Co., 76 Ohio St., 52, followed and approved.)

Judgment affirmed.

Marshall, C. J., Jones, Matthias and Allen, JJ., concur.

---

### No. 244

No. 18138—The Hadfield-Penfield Steel Co. v. H. N. Oberlander. Error to the Court of Appeals of Crawford County.

**85. APPEALS—Appellee's right to file a transcript upon failure to do so by appellant—Meaning of clause in statute "term of court next after," etc.—Suit against surety on appeal bond.**

Published Only in Ohio Law Abstract

MATTHIAS, J.

1. Under the provisions of Section 10388, General Code, if the appellant fails to deliver a transcript to the clerk of courts and have the cause there docketed on or before the thirtieth day from the rendition of the judgment appealed from, the appellee may file a transcript, have the cause docketed and procure judgment thereon at the term of court

next after the expiration of such thirty days.

2. The clause, "at the term of the court next after the expiration of such thirty days," refers to the term of court which convenes next after the term of court in session at the expiration of the thirty days, or next after the recess, if the court is in recess at the expiration of the thirty days.

3. Where the appellant failed to perfect his appeal as prescribed by Section 10388, General Code, and such thirty days expired during a term of court, there was no authority to render judgment in favor of the appellee until the following term of court, and suit against the surety on the appeal bond in such case, predicated upon a judgment entered against the appellant prior to said term, cannot be maintained.

Judgment affirmed.

Marshall, C. J., Robinson, Jones, Day and Allen, JJ., concur. Wanamaker, J., **not participating.**

---

### No. 245

No. 18181—The City of Cleveland et al v. John R. Edwards. Error to the Court of Appeals of Cuyahoga County.

**1157. TAXATION—Levying taxes an act of sovereignty—Real estate acquired by a municipality—Reasonable value only, to be paid—Covenant to exempt land, its value, both ultra vires and against public policy.**

Published Only in Ohio Law Abstract

ROBINSON, J.

1. The levying of a tax, whether general or special, is an act of sovereignty, which the sovereign may not barter away.

2. A municipality in acquiring real estate for public purposes is not authorized to pay therefor more than its reasonable value. A covenant perpetually exempting real estate, other than acquired, from special assessments for all purposes, is a covenant running with the land, the reasonable value of which is unascertainable, and, therefore, affords no criterion whereby the value of the consideration can be weighed against the reasonable value of the real estate acquired, and for that reason is ultra vires.

3. The exemption of certain real estate from special assessments necessarily results either in increasing the burden upon other real estate specially benefited or in depriving such other real estate of the benefit of needed improvements, thereby causing an unequal distribution of the burdens and benefits of government, and is both ultra vires and against public policy.

Judgment reversed.

Marshall, C. J., Jones, Matthias, Day and Allen, JJ., concur.